## NANCY EARLES *v.* L. H. MEADERS.

1. TENANTS IN COMMON. *Conveyance by one to the other.* *Respective interests, how affected by.* The sale of a tenant in common of one-half of a tract of land, by metes and bounds, to her co-tenant, operates as a partition of the land, but does not divest the party so conveying, of her interest in the remaining half.

2. SAME. *Levy on a part of a tract held in common by metes and bounds.* A levy of an execution against one tenant in common, upon the whole tract so held, and a sale thereunder, conveys to the purchaser a good title to the undivided interest of the execution debtor.

The case of Jewett *v.* Stockton, 3 Yerg., reviewed. Bartlett *v.* Harlan, 12 Mass. Reports.

### FROM WARREN.

Appeal from the Circuit Court. S. M. FITE, Judge.

F. M. SMITH for Nancy Earles.

W. E. B. JONES for Meaders.

BURTON, Special J., delivered the opinion of the Court.

The action is ejectment, brought by the plaintiff in error, who was also plaintiff below, in the Circuit Court of Warren County.

Several questions seem to have been made in the progress of the case. But the only exception taken to

the action of the Circuit Judge, was in admitting as evidence, over the plaintiff's objection, a deed for the land in dispute, made by the Sheriff of Warren County to the defendant, Meaders.

The facts necessary to make intelligible the ruling of the Court are as follows: The land conveyed by this Sheriff's deed was part of the lands descended to the plaintiff and her sister, one Martha Drake, from their father, Joseph England, and which was allotted to his widow, Lucy, as her dower. There was never any partition made of the dower between the plaintiff and Martha Drake. But after the life-estate of the dowress had terminated, and on the [9th day of October, 1865, the plaintiff, Nancy, conveyed by deed the eastern half of the dower tract to her sister, Martha Drake.

It was doubtless intended between these sisters that this deed was to operate as a partition of the dower tract, and that the plaintiff was to hold the remaining part in severalty. But it does not appear that, in point of fact, Martha Drake ever made any deed to her sister of the remainders of the tract. After the execution of this deed, the defendant, Meaders, obtained a judgment before a Justice of the Peace against the plaintiff; execution issued on it, which was levied upon all of the dower tract not embraced in the deed from the plaintiff to Martha Drake. The land was sold under an order of condemnation issued from the Circuit Court of Warren County, and was bought by the defendant, Meaders. And it was the

deed made by the Sheriff, in pursuance of this pur-
chase, that was objected to as evidence by the plain-
tiff.

The ground that appears to have been assumed by
the plaintiff's counsel was, that she and Martha Drake
were tenants in common of the whole dower tract
when the levy and sale of part of it was made, and
it was assumed that this levy and sale were void, for
the reason that part of a tract of land in common
can not be levied upon and sold by metes and bounds
under process against one of the co-tenants.

The case of *Jewetts, lessee,* v. *Stockton,* 3 Yerger,
492, decides that one tenant in common, before parti-
tion, can not convey his interest in a particular part
of the land held in common by metes and bounds,
and the Court rests its decision mainly on the author-
ity of *Bartlett* v. *Harlon,* 12 Mass. Rep., deciding that
an execution against one holding lands in joint ten-
ancy, or tenancy in common, can not be extended on
a part of the lands so holden by metes and bounds.
And the reason given for this decision is, that if
effect were given to the deed in the one case, or the
levy and sale in the other, then a partition would be
made without the co-operation of the other tenant.

Conceding that the principle of this case is appli-
cable to the case in hand, it by no means follows
that His Honor, the Circuit Judge, erred in admitting
the deed in evidence. It being made in pursuance
of a sale by the Sheriff, in a cause to which the
plaintiff was party, it was admissible as evidence, the

effect to be given to it when admitted being a different question. But we think that the principle decided in the case of *Jewetts, lessee,* v. *Stockton,* above referred to, has no application in this case.

When the Sheriff's deed was offered in evidence, it was conceded that it purported to convey by "metes and bounds" one-half of the dower tract of land.

But it was also admitted, as appears from the bill of exceptions, that before the levy and sale the plaintiff had conveyed the other half of the dower tract to her sister, Mrs. Drake. We think that this conveyance, so made to Mrs. Drake, destroyed the joint tenancy between the plaintiff and Mrs. Drake as to that half, and left them tenants in common of the remaining half, which is the land in suit. The point decided in *Jewett* v. *Stockton* has no application to this conveyance, as of course the tenancy in common as to the premises conveyed, was severed by the consent of both tenants. And the levy was not made on part of this remaining half by "metes and bounds," but on the whole of it. The levy makes no mention of the plaintiff's interest being an undivided moiety, nor does the Sheriff's deed, but we do not think that either is void on that account. The deed then made by the Sheriff having passed to the defendant, Meaders, the plaintiff's interest in the land, of course she has no title to assert in this action.

It is insisted that the evidence greatly preponderates against the finding of the jury upon the question of boundary. But we do not think that, under the

well settled practice of the Court, we can disturb. the verdict for this reason.

We find no error in the record, and the judgment of the Circuit Court is affirmed.