WESLEY AVANS *v.* JOHN EVERETT *et als.*

HOMESTEAD. *Tenants in common.* The homestead right does not exist where the occupant has only an individual interest as tenant in common with others.

FROM M'MINN.

Appeal from the Chancery Court at Athens. A. S. MARKS, Ch., presiding by interchange with W. M. BRADFORD, Ch.

Avans *v.* Everett.

A. Blizzard and J. N. Aiken for complainant.

W. N. Briant for defendant.

Cooper, J., delivered the opinion of the court.

On the 18th of January, 1873, W. H. Brock was living with his family on land in which he owned a one undivided ninth interest in fee as tenant in common with others. His share of the land was worth less than $1,000, and was claimed by him as a homestead. On that day his interest in the land was levied upon by his judgment creditors and regularly sold at execution sale and bought by the creditors. On the 20th of January, 1873, two days after the levy, Brock sold the land to Elmore Brock, and conveyed it to him by deed, in which his wife joined. Shortly afterward W. H. Brock removed with his family from the land, and has since set up no claim to it. The entire tract of land has been sold for partition, and the agreed state of facts has been made up with a view to determine whether the judgment creditors who purchased under their executions or Elmore Brock should receive the proceeds of the one-ninth share as having the better title to the land.

The statute regulating the homestead right, when the respective titles of these litigants accrued, exempted from sale under legal process a homestead in the possession of each head of a family, and the improvements thereon, to the value of $1,000. The statute further provides that whenever the real estate of such head of a family was levied on by legal process, the officer executing the writ should summon three free-

holders to set apart the homestead, "and set out in writing the boundaries thereof, and deliver the same to the debtor." T. & S. Rev., sec. 2116a.

The statute expressly authorize the sale of the remainder of the land under the legal process, or the whole land, if it be so situated that it cannot be divided, in which latter case the creditor was entitled to have one thousand dollars of the proceeds invested in other land as a homestead. The statute manifestly contemplates the occupancy of a specific portion of land, capable of being set apart by metes and bounds. It is impossible to apply its provisions to an undivided interest in realty. The debtor owns nothing in severalty, and the creditor could neither ascertain nor of course subject the remainder after setting apart the homestead. Until the Legislature changes the provisions of the law, or makes specific provisions for the case, we see no mode of conceding the homestead right consistently with the equally declared rights of creditors. The weight of authority under similar statutes is in accord with this conclusion. Thompson on Homesteads, sec. 180, *et seq.*

It is probable also, under the decisions of this court, that the execution sale passed the debtor's interest in the property, subject only to the homestead right, which ceased with the occupancy of the head of the family. *Crook* v. *Lunsford*, 2 Lea, 237.

The Chancellor's decree must be reversed, and a decree rendered here in favor of the purchasers at the execution sale. The costs will be paid out of the fund.