**In re Michael William FREEMAN, Bankrupt.**

**Michael William FREEMAN, Plaintiff,**

v.

**REGENTS OF the UNIVERSITY OF MINNESOTA, Student Loan Servicing Dept. of First National Bank of Minneapolis, Nationwide Adjusters, Inc., Wachovia Services, Inc., College of St. Thomas National Account Systems, Inc., U. S. Department of Health, Education and Welfare, and Northwestern National Bank of Minneapolis, Defendants.**

**Bankruptcy No. 4–79 BKY 411(O)(C–1).**

United States Bankruptcy Court,
D. Minnesota,
Fourth Division.

April 16, 1980.

Dennis L. Peterson, Minneapolis, Minn., for plaintiff.

John M. Harens, St. Paul, Minn., for defendant College of St. Thomas.

Asst. U. S. Atty., Mary L. Egan, Minneapolis, Minn., for HEW.

### MEMORANDUM AND ORDER

KENNETH G. OWENS, Bankruptcy Judge.

This adversary proceeding was commenced by the filing of a complaint by the bankrupt as plaintiff in June 1979, with an amended complaint filed in August 1979, to determine dischargeability of five educational loan debts totaling over $14,000, incurred from 1965 to 1974 and due the University of Minnesota, College of St. Thomas, First National Bank, Northwestern National Bank or the U. S. Department of Health, Education and Welfare (HEW). Answers were filed by HEW and the College of St. Thomas. Dennis L. Peterson appeared for plaintiff, John M. Harens for defendant, College of St. Thomas and Assistant U. S. Attorney Mary L. Egan for HEW. Other defendants neither answered nor appeared and are in default. The appearing parties agreed to submit the issue whether the debts are dischargeable absent showing of hardship on the pleadings, files and records of this case and proceeding on motion for summary judgment by plaintiff and contra motion in opposition by HEW, the Federal defendant.

This bankruptcy was commenced by petition filed on April 16, 1979. Discharge was granted on August 1, 1979. The debts are perhaps not dischargeable without a showing of hardship under 20 U.S.C. Section 1087–3. However, that law was repealed, perhaps inadvertently, by P.L. 95–598 in 1978. On considerations to be stated below, this court determines the debts are discharged without any showing of hardship.

The interaction of several sections of five Acts of Congress are applicable. Hereafter "Section 439A" refers to Section 439A of the Higher Education Act of 1965, particularly an amendment enacted in 1976, effective in 1977 and codified as 20 U.S.C. Section 1087–3 cited above. Reference to any other section number herein such as "Section 317", "Section 402(d)" or "Section 403(a)" refers to such section in Public Law 95–598 cited above, enacted in 1978 which made a comprehensive revision of the bankruptcy laws, courts, and procedures, specified to become effective on various dates.

A number of reported cases have considered the general issues raised in this proceeding. No useful purpose would be served by a separate analysis of each. The authorities are aptly collected and discussed in *Connecticut Student Loan Foundation v. Piccione*, 1 B.R. 364, 5 B.C.D. 1076 (Bkrtcy. Conn., 1979). This court as it has before agrees with the court in *Piccione* that the law to be applied in determining whether a debt is discharged is as it existed on the date the discharge is granted, absent a specific statutory provision to the contrary, not on the date the petition commencing the bankruptcy case is filed, the date the complaint commencing the adversary proceeding is filed, the date the issue is determined, or any other alternative date.

26

The relevant facts are not disputed. The discharge was granted on August 1, 1979. On that date, Section 439A was no longer applicable, having been repealed by Section 317, specified by Section 402(d) as taking effect on November 6, 1978. However, three serious issues are raised and discussed in the able and comprehensive memorandum filed on behalf of HEW. First, if Congress did not intend the repeal of Section 439A on November 6, 1978, should the court so construe Section 402(d) by reading out and deleting a number to the end such repeal became effective on October 1, 1979, instead? Second, if the court cannot correct such mistaken statement of intent, does Section 403(a), which applies existing law absent P.L. 95–598 to all cases under the Bankruptcy Act (old 11 U.S.C. Sections 1–1103), control nevertheless? Third, if the court cannot follow either suggestion, is the repeal nevertheless inoperative under 1 U.S.C. Section 109 (a general saving statute) because the education loan liabilities were incurred prior to the repeal?

The court agrees that a mistake may well have have occurred. Under the new Bankruptcy Code, specifically 11 U.S.C. Section 523(a)(8), effective October 1, 1979, such debts are generally not dischargeable without a showing of hardship. But for the earlier repeal, Section 439A would have continued to apply until October 1, 1979, under Section 402(a), and no hiatus exist. And new P.L. 96–56 enacted August 14, 1979, in effect reinstated Section 439A by amendment to the Bankruptcy Act with respect to any discharge granted in a case commenced by the filing of a petition after August 13 but before October 1, 1979, under the Bankruptcy Act.

The first issue for determination is whether the presumed mistake can be corrected in the guise of judicial construction of Section 402(d). Clerical or other errors in legislation are ordinarily construed so as to give effect to a demonstrated legislative purpose. But the difficulty here is that to remedy the premature repeal of Section 439A by Section 317 under Section 402(d) would require the court to delete "317" from Section 402(d). A court may properly correct a mistaken use of a particular number or word or even insert or delete a number or word if a doubtful meaning thereby becomes clear but such change, insertion or deletion when effecting such fundamentals as enactment, repeal or effective date should be seldom if ever indulged. Indeed, the Congress appears to have taken such restrained approach in correcting the mistake by making new P.L. 96–56 specifically effective on date of enactment (August 14, 1979) rather than by simply making a technical amendment to delete "317" from Section 402(d).

A review of the legislative history and content of Section 402(d) makes the result more certain. H.R. 8200 as reported and accompanied by Report No. 95–595 from the House Judiciary Committee on September 8, 1977, provided for immediate repeal of Section 439A in Section 402(d) and did not contain any educational loan exclusion in Section 523(a) of Section 101, thereby exhibiting clear legislative intent to change public policy by again making educational loans dischargeable in bankruptcy. However, when H.R. 8200 was amended and then passed by the House on February 1, 1978, one amendment added the precursor to new 11 U.S.C. Section 523(a)(8) but neglected to change the date of enactment as the effective date for the repeal of Section 439A (124 Cong. Record H466–472). The Senate then on September 7, 1978 amended H.R. 8200 by substituting its own version of the legislation, S. 2266 as reported and accompanied by Report No. 95–989 from the Senate Judiciary Committee. The Senate version contained both an educational loan exclusion and a repeal of Section 439A with identical effective dates. The final enactment, P.L. 95–598, contained the educational loan exclusion now codified in 11 U.S.C. Section 523(a)(8), effective October 1, 1979, by Section 402(a), and the repeal of Section 439A in Section 317, effective November 6, 1978, (date of enactment) by Section 402(d), and thereby created the "gap period" in part corrected by P.L. 96–56. Specifically, Section 402(d) of P.L. 95–598 provides that:

"(d) The amendments made by sections 217, 218, 230, 247, 302, 314(j), 317, 327, 328, 338, and 411 of this Act shall take effect on the date of enactment of this Act."

At first glance, such circumstances might suggest that the "317" in Section 402(d) is an obvious misprint or similar error in the light of evident legislative purpose with respect to discharge of educational loans. If "317" was simply removed, then Section 317 would have taken effect on October 1, 1979, under Section 402(a), the same date that new 11 U.S.C. Section 523(a)(8) became effective. However, other circumstances must be added. Section 402(d) refers to only eleven section numbers. Several like "217" (deleting "Alaska" from the title to 28 U.S.C. Section 460) are corrective. Others like "218" (authorizing ten rather than nine assistant attorneys general) are administrative. Three are clearly substantive: Section 317, Section 327 repealing the educational loan exclusion of the Public Health Service Act and Section 328 repealing a support debt exclusion of the Social Security Act. Indeed, the same "mistake" may apply in part to all three. Eight including these three are derived from an original nine in Section 402(d) of H.R. 8200; five of these eight including such three were renumbered (230, 247, 317, 327 and 328); and another three were new (314(j), 338 and 411).

The conclusion is inescapable. Section 402(d) of H.R. 8200, was redrafted in its entirety, with three insertions, one deletion and five number changes during the final legislative process, and was then enacted as Section 402(d) of P.L. 95–598. These circumstances preclude judicial reconstruction. First, "date of enactment of this Act" as the date "this Act shall take effect" is precise. It applies equally to all eleven sections. It cannot be construed to mean another date for one section without applying to all sections. Second, the "317" is not misprinted, misnumbered or misplaced. It was there from the beginning and even renumbered. It could have been removed before enactment but wasn't. Third, the final legislative history is silent on Section

402(d) except that " . . . some of the more important provisions take effect on the date of enactment of this legislation." (124 Cong. Record H11109 and S17425). Fourth , the "317", "327" and "328" must be considered together. Inclusion of each number in effect made certain debts dischargeable under the Bankruptcy Act. Deleting "317" through construction as mistaken and unintended would cast doubt on the other two and particularly "328" which may have been intended when enacted.

Finally, only eleven sections were selected for Section 402(d). Afterthought suggests that one, two or more may have been mistakes. Perhaps even "338" and "411" relating to retirement and compensation of bankruptcy judges were mistakes. But only Congress can say. This court wishes that "317" had not been included. But it was. These eleven and only these eleven were selected and enacted. Finality must be rendered to such selection and enactment when provided for so incisively without qualification. The court is called upon to determine the law as enacted. This court must determine that Section 439A of the Higher Education Act of 1965 (20 U.S.C. Section 1087–3) was repealed by Section 317 and Section 402(d) of P.L. 95–598 effective November 6, 1978.

The second issue for determination is whether Section 403(a) of P.L. 95–598 makes such repeal inoperative as to cases under the Bankruptcy Act. Section 403(a) provides that:

"(a) A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties . . . shall continue . . . as if the (sic) Act had not been enacted."

This provision became effective on October 1, 1979, under Section 402(a). HEW argues that Congress intended this provision to become effective upon enactment of P.L. 95–598 since Section 403(b) for example takes effect on date of enactment. This

court does not agree. Absent the mistake as to Section 402(d) with respect to Section 317, Section 403(a) taking effect on October 1, 1979, creates no inconsistencies whatsoever and was the obvious legislative intention, since old title 11 (the Bankruptcy Act) continued to be applicable to all cases until October 1, 1979, under Section 402(a). Subsections (b), (c), (d) and (e) of Section 403 simply each take effect at the various times specified in each subsection and each comes within the exception of Section 402(a) that "Except as otherwise provided in this title, this Act shall take effect on October 1, 1979."

If this court cannot by judicial construction correct the evident last-minute mistake made by including "317" (or 327 or 328) in Section 402(d), then such mistake also cannot be corrected via the backdoor by totally revising the obvious legislative intent that Section 403(a) take effect on October 1, 1979, when old title 11 (the Bankruptcy Act) was repealed and new title 11 (the Bankruptcy Code), became effective under Section 402(a). This court determines that Section 403(a) of P.L. 95–598 does not apply to or affect the repeal of Section 439A of the Higher Education Act of 1965 (20 U.S.C. Section 1087–3) made by Section 317 and Section 402(d) of P.L. 95–598.

The final issue for determination is whether such repeal is inoperative under 1 U.S.C. Section 109 with respect to the loans in question in this proceeding because such debts were incurred prior to such repeal. The general rules are fundamental. Congress alone determines what debts are dischargeable under the bankruptcy power contained in Article I, Section 8, of the Constitution, to "establish . . . uniform Laws on the subject of Bankruptcies throughout the United States;". Rights in property must be recognized but a claim or right to payment is not a property right and may become dischargeable or not dischargeable whenever Congress so determines whether the claim or right to payment arose before or after the legislative determination.

Specifically, any debt which was not dischargeable when incurred may become dischargeable if Congress so determines. And any debt which was dischargeable when incurred may become not dischargeable if Congress so determines. The latter circumstance applies in fact to the plaintiff in this proceeding, who incurred all five educational loan debts during 1965–1974 when all such debts were dischargeable under the Bankruptcy Act. All such debts became not dischargeable until five years after commencement of the repayment period when Congress enacted Section 439A of the Higher Education Act of 1965 (20 U.S.C. Section 1087–3) in 1976.

However, HEW argues that these general rules and the loan debts involved in this proceeding are subject to 1 U.S.C. Section 109 which provides that:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability. . . ."

The effect of this statute on any action or prosecution arising under a repealed statute is clear. The liability on any loan debt in this proceeding would remain even if the entire Higher Education Act of 1965 as amended were repealed after the debt was incurred. But the Bankruptcy Act and Section 439A of the Higher Education Act deal not with liability but with dischargeability. The word "release" has many meanings. The meaning in 1 U.S.C. Section 109 ("The repeal . . . shall not . . . release . . . .") is different from the meaning in Section 439A of the Higher Education Act ("A debt . . . may be released by a discharge in bankruptcy . . . .") and Section 17a of the Bankruptcy Act ("a discharge in bankruptcy shall release . . . ."). The word "release" in 1 U.S.C. Section 109 means removal or extinguishment of a liability. In contrast, the

word "release" in Section 439A and Section 17a means relief or discharge from a liability.

■ This court concludes accordingly that enactment of Section 439A of the Higher Education Act of 1965 (20 U.S.C. Section 1087–3) neither created nor limited any liability but did make certain liabilities not releasable or dischargeable in bankruptcy, that repeal of such section made such certain liabilities again releasable or dischargeable in bankruptcy, that such certain liabilities were otherwise unaffected by either the enactment or repeal of such section, and that 1 U.S.C. Section 109 is inapplicable since no liability was released or extinguished by such repeal as distinguished from such certain liabilities becoming releasable or dischargeable in bankruptcy by such repeal.

■ Accordingly, the court has determined that the debts for certain educational loans duly scheduled by the bankrupt in this case as itemized by the plaintiff in the complaint and amended complaint in this proceeding are not excepted from the discharge granted in this case on August 1, 1979, and that plaintiff is entitled accordingly to summary judgment for the relief requested in the amended complaint. This memorandum and order includes and constitutes findings of fact and conclusions of law under Bankruptcy Rule 752.

IT IS THEREFORE ORDERED, under Section 17c(3) of the Bankruptcy Act (11 U.S.C. Section 35c(3)), that the educational loan debts due the defendants in this case and this proceeding, whether or not insured or guaranteed by any governmental unit, are determined to be not excepted from the discharge order made in this case on August 1, 1979, and the bankrupt is released and discharged from such debts.