**In re Vernon A. SMALL, Plaintiff,**

**v.**

**COUNTY OF HENNEPIN, Defendant,**

**Arising in or Related to Bankruptcy Case of: Vernon A. Small, and Nancy A. Small, Debtors.**

**Adv. No. 4–81–487(O).**
**Bankruptcy 4–81–1292(O).**

United States Bankruptcy Court, D. Minnesota.

March 15, 1982.

Richard T. Wylie, Minneapolis, Minn., for debtor/plaintiff.

Thomas L. Aarestad, Asst. County Atty., Minneapolis, Minn., for county defendant.

## MEMORANDUM ORDER

KENNETH G. OWENS, Bankruptcy Judge.

The facts as agreed at pre-trial are undisputed in this adversary proceeding.

The debtor demands judgment for $1,493.66, said amount to be paid the trustee in this case, which the debtor will then claim as exempt property. The amount represents debtor's Minnesota state income tax refund and property tax refund for 1980 payable in 1981. It was paid to the county by the state revenue department rather than to the debtor pursuant to provisions of the Revenue Recapture Act codified as M.S.A. Sec. 270A.01–270A.12. The act is intended in part to require such payments be made to the county when a taxpayer who is otherwise entitled to an income or property tax refund is indebted to the state or county for unpaid child support payments which have been assigned to the state or county in consideration of public welfare payments supporting the child. That happened here.

A similar case was recently decided by Judge Dim of this court, see *In re Barfknecht*, 15 B.R. 463 (Bkrtcy.1981). The decision is persuasive. While setoff is stayed under 11 U.S.C. Sec. 362(a)(7), it is nonetheless permitted under 11 U.S.C. Sec. 553(a), the county being only the agent for the state. Thus the transfers may not be avoided or the property recovered by the debtor under 11 U.S.C. Sec's 522(g) et seq. or 542.

Importantly, for another reason the debtor may not prevail. It should be noted that similar handling of federal income tax refunds for 1981 payable in 1982 have now become mandated under several provisions of the Omnibus Budget Reconciliation Act of 1981, P.L. 97–35, codified as 26 U.S.C. Sec. 6402(c). Indeed, the same act may have made the debtor's debt to the county nondischargeable by amendment to 11 U.S.C. Sec. 523(a)(5), since the discharge in this case was entered after the effective date of such act, even though the case was filed before the effective date of the act, see *In re Freeman*, 5 B.R. 24 (Bkrtcy.1980).

The state legislature, and now Congress, have determined to enforce collection of such debts by use of the tax system by charging them against any refunds payable. The legislative actions have in fact created a statutory lien system, granting a lien within the definitions in 11 U.S.C. Sec. 101(28) and 101(38) through operation of law against such refunds in favor of the public agencies responsible for welfare payments to support dependent children. Under the state act, the lien as a "charge against or interest in" the state refund arises upon receipt of notification by the commissioner of revenue from the claimant agency. The lien then becomes fixed subject only to final ascertainment of the refund amount payable and the taxpayer's right to timely contest the claim. A similar procedure has been provided under the new federal act with respect to federal income tax refunds. The operative notification is there made by a state agency to the Secretary of the Treasury for action by the Internal Revenue Service.

The remaining question then is whether the statutory lien thus created may be avoided as preferential. The simple answer is that this kind of statutory lien may not be avoided as preferential by reason of 11 U.S.C. Sec. 547(c)(6) since the lien itself may not be avoided under 11 U.S.C. Sec. 545. Finally, the automatic stay may prevent enforcement of the lien, technically preventing payment by the commissioner of revenue to the county under the state act or by Internal Revenue Service to the state under the new federal act, if such payment has not been made before the bankruptcy case was commenced. But obviously the stay does not avoid the lien, the stay may as here be annulled or terminated, and payment of the lien is not preferential.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The complaint of the plaintiff is dismissed with prejudice but without costs to either party.

2. The stay if any against the defendant provided by 11 U.S.C. Sec. 362(a) is annulled with respect to debtor's state income tax refunds or property tax refunds for 1980 payable in 1981 and for 1981 payable in 1982.

3. The foregoing shall constitute findings of fact and conclusions of law under Bankruptcy Rule 752.