**In re Rose Ann O'Brien YOUNG, Debtor.**

**Bankruptcy No. 3–84–00310.**

United States Bankruptcy Court, E.D. Tennessee.

Sept. 17, 1984.

Margaret B. Fugate, Johnson City, Tenn., for Trustee.

Robert L. Cheek, Margaret P. Walls, Knoxville, Tenn., for debtor.

## MEMORANDUM AND ORDER

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether the Tennessee homestead exemption statute, Tenn.Code Ann. § 26–2–301 (1980), affords the debtor a homestead exemption in the debtor's interest in property held as a tenant in common.

### I

The debtor and her daughter own as tenants in common a house and lot at 336 Clinchfield Avenue, Erwin, Tennessee. When she filed her chapter 7 petition in bankruptcy on February 24, 1984, the debtor had lived alone in the house for eleven years. She moved out of the house in late April or early May of 1984.

The debtor has asserted a $5,000.00 homestead exemption in the property. The trustee has objected to this exemption.

### II

For many years the Tennessee Supreme Court followed the rule that a tenant in common was not entitled to a homestead exemption in his undivided interest in property. *Avans v. Everett*, 71 Tenn. 76 (1879); *J.I. Case Threshing-Machine Co. v. Joyce*, 89 Tenn. 337, 16 S.W. 147 (1890); *Kellar v. Kellar*, 142 Tenn. 524, 221 S.W. 189 (1920). *See also Shanks v. Hardin*, 101 F.2d 177 (6th Cir.1939). The court applied the same rule to property held in joint tenancy. *Prichard v. Carter*, 208 Tenn. 648, 348 S.W.2d 306 (1961). However, it reached a contrary conclusion regarding property held by husband and wife as tenants by the entireties, holding such an interest to be subject to the homestead exemption. *Jackson v. Shelton*, 89 Tenn. 82, 16 S.W. 142

(1890); *Waddy v. Waddy,* 200 Tenn. 140, 291 S.W.2d 581 (1956).

In 1979 and 1980 the Tennessee Legislature amended the homestead statute under which the above cases were decided.[1] The amended statute provides:

(a) An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). *Provided, however, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event said homestead exemptions are claimed in the same proceeding. Provided, further, if only one (1) of said joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then said individual's homestead exemption shall be five thousand dollars ($5,000).* The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.

(b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses . . . .

Tenn.Code Ann. § 26–2–301 (1980) (Emphasis added).

The trustee contends that the added language regarding jointly-owned property merely codifies the already established rule permitting the homestead exemption to tenants by the entireties. According to the trustee, the amendments leave unaltered the rule that holders of property as tenants in common are not entitled to the homestead exemption. This court finds otherwise.

### III

The approach taken by the Tennessee courts in the pre-amendment cases is clearly now the minority view. In contrast, the rule followed in most jurisdictions is that one having an undivided interest vested in present enjoyment has a property interest in the premises sufficient for homestead purposes. Annot., 74 A.L.R.2d 1355, 1371–77 (1960); Annot., 89 A.L.R. 511, 540–50 (1934).

In *Avans,* the seminal Tennessee decision in this regard, the court based its conclusion on the statutorily mandated procedure for setting aside the homestead. Since the

---

1. The statute was amended, of course, many times over the years and took different forms at the various times these opinions were rendered. However, the critical language, at least for purposes of this issue, remained essentially the same. Prior to the 1979 amendment, the then current statute provided:

A homestead or real estate in the possession of or belonging to each head of a family, whether it be the husband and/or wife, or the father and/or mother, and the improvements, if any, thereon, to the value in all, of one thousand dollars ($1,000) shall be exempt from execution or attachment or sale under legal proceedings during the life of such head of the family, which shall inure to the benefit of the surviving spouse and their children;

provided, said homestead or real estate, may be sold by the joint consent of husband or wife, where that relationship exits (sic), to be evidenced as required by law.

The intention of this act is preserved to those entitled, as above set out, and to extend to both men and women the same rights the benefit of the homestead exemption.

The intention is to preserve to those entitled as above set out, the benefits of the homestead exemption in real estate and improvements thereon of the value of one thousand dollars ($1,000) stipulated in Article XI, section 11 of the Constitution of 1870 and not to increase the same above said amount.

1975 Tenn.Pub.Acts Ch. 285.

statute required the levying officer to summon three freeholders to set apart the homestead and to set out in writing the boundaries of the exempt plot, the court reasoned that such a procedure could not be applied to the undivided interest of a tenant in common:

> The statute manifestly contemplates the occupancy of a specific portion of land, capable of being set apart by metes and bounds. It is impossible to apply its provisions to an undivided interest in realty. The debtor owns nothing in severalty, and the creditor could neither ascertain nor of course subject the remainder after setting apart the homestead.

*Avans*, 71 Tenn. at 78.

The majority of the court echoed and amplified this basic theme in *Joyce*. Curiously, in both cases the court acknowledged that the statutes contemplated the possibility that even some property held in severalty might not be capable of being divided so as to physically set apart the homestead. In such a case, as the court noted, the statutes provided for the sale of the entire tract and the setting aside from the proceeds an amount equal to the exemption to be reinvested in a homestead for the debtor. Yet the court was apparently unimpressed by the applicability of an analogous approach to the sale of the undivided interest of a tenant in common. Nonetheless, the applicability of such an approach is clear. It is simply not true that unless the debtor owns the property in severalty, "the creditor could neither ascertain nor ... subject the remainder· after setting apart the homestead." *Avans*, 71 Tenn. at 78. Perhaps the creditor could not neatly divide the property into physically discrete parcels of land. However, just as where property held in severalty but incapable of division can be sold with the proceeds to be subject to the homestead exemption, so also can the interest of a tenant in common be sold with the proceeds of the sale to be similarly subject to the homestead exemption.

A reading of *Joyce* and *Jackson*, both decided in the same year, reveals that the collective mind of the court was far from at ease on this question. The holdings themselves are plain enough—*Joyce* holding the homestead exemption inapplicable to the interest of a tenant in common and *Jackson* holding the homestead exemption applicable to the interest of a tenant by the entireties. However, the reasoning of the two cases reveals two essentially irreconcilable and diametrically opposed views on the proper application of the homestead exemption. Justice Snodgrass, writing for the majority in *Joyce* and dissenting in *Jackson*, argues for a very narrow and restrictive application limited essentially to property owned in severalty. Justice Caldwell, speaking for the majority in *Jackson* and the minority in *Joyce*, opts for a more liberal application extending to all present interests in land. The language of the two majority opinions is thus utterly at odds. Justice Caldwell observes, for example, in *Jackson* that the right of exemption extends to " 'each head of a family owning real estate,' whether in fee, for life, for years, in severalty, in joint tenancy, etc." *Jackson*, 16 S.W. at 144. Justice Snodgrass in *Joyce* insists that the statute gives the exemption "to him alone who owns the home or the real estate, in such way that it, or a certain part of it, can at any time be set aside to him against everybody ... by metes and bounds." *Joyce* 16 S.W. at 148.

The court never provides a satisfactory basis for its disparate holdings, particularly in light of the current state of the law regarding the respective property rights of husband and wife. In *Jackson* the court attempts to distinguish a tenancy by the entireties from other modes of joint ownership by noting that "[t]he husband's estate under the deed, augmented by his marital interest in his wife's estate, becomes practically tantamount to the whole estate during their joint lives." *Jackson*, 16 S.W. at 144.

The court so concludes based upon the assumption that the purchaser at a judicial sale of the husband's interest would also be entitled to the husband's marital rights in the property and thus, to use and occupy

the property during the joint lives of the husband and wife, subject only to the wife's right of survivorship. However, the Married Women's Act of 1913 clearly eliminated the archaic restrictions and disabilities of coverture with respect to tenancy by the entireties. A creditor of but one spouse can now levy only upon the spouse's right of survivorship and nothing more. Tenn.Code Ann. § 36-3-504 (1984); *Robinson v. Trousdale County*, 516 S.W.2d 626 (Tenn.1974).

■ In truth, there is little of logic, reason, or good sense in distinguishing for purposes of the homestead exemption between tenancy by the entireties and tenancy in common. The creditor of a tenant by the entireties can no more set aside by metes and bounds the interest of that tenant alone than he can physically separate the interest of a tenant in common. In neither case does the tenant own any portion of the land in severalty. No portion of the land is capable of being set aside exclusively to his use nor exclusively to satisfy his debts. In neither case can a creditor reach and sell the entire tract for the debts of only one of the co-tenants. Only the undivided interest of the tenant in common may be levied upon and sold. *Earles v. Meaders*, 60 Tenn. 248 (1872). Only the survivorship interest of the tenant by the entireties is subject to levy and sale. *Robinson*, 516 S.W.2d at 632; *Waldschmidt v. Hamilton*, 32 B.R. 337 (Bankr.M.D.Tenn. 1983). It is illogical to deny any homestead right whatsoever in connection with a given residence where the undivided interest of a tenant in common is reached by creditors while recognizing the homestead right in a residence where the survivorship interest of a tenant by the entirety is involuntarily sold. *See Ray v. Dawson*, 10 B.R. 680 (Bankr.E.D.Tenn.1981), *aff'd*, 14 B.R. 822 (E.D.Tenn.1981).

■ It is not the province of this court to correct inconsistencies in the pronouncements of the state courts on matters of state law. It is, however, the function of the state legislative body to do so. This court has embarked upon the above analysis not for the purpose of presuming to alter state law but for the purpose of better ascertaining the likely aim and intent of that body in amending the Tennessee homestead statute.

■ The Tennessee Legislature did not say merely that tenants by the entireties shall be entitled to a homestead exemption. It could have done so, but it did not. It chose instead to use the language "jointly own," and this court will assume that it did so for a reason. Under one of the more fundamental tenets of statutory construction, a court must construe a statute so that no part will be superfluous, void, or insignificant. It is elementary that the court must give effect, if possible, to every word or phrase of a statute. 2A D. Sands, *Sutherland Statutory Construction* § 46.-06 (4th ed. 1973). Had the legislature intended merely to codify the rule as to tenancies by the entireties, it would have been a simple matter to have used the words "tenants by the entireties" in place of the words actually employed. This court is persuaded that the legislature intended to include within the purview of the Tennessee homestead statute property held by tenancy in common and joint tenancy as well as tenancy by the entireties. *See In re Sivley*, 14 B.R. 905, 909 (Bankr.E.D. Tenn.1981) (dictum) (amended Tennessee homestead statute "recognizes the right to exempt jointly owned property, without restricting it to entirety property.")[2]

■ The court notes one ambiguity that must be considered. The statute affords a maximum $7,500.00 exemption to

**2.** The trustee has cited this court to a recent, unreported state appellate court decision, rendered after amendment of the statute, purportedly upholding the validity of *Avans* and its progeny. *Spencer v. Spencer* (Tenn.App. Aug. 12, 1983) (Western Section, at Nashville). However, the opinion contains only a one-sentence

citation without discussion to *Avans, Joyce*, and *Kellar;* it makes no reference whatsoever to the amendment of the statute. In light of the decision's total reliance on pre-amendment authority and its failure to discuss the amendment of the statute, this court believes the decision to be of dubious precedential value.

"individuals who jointly own and use real property as their principal place or residence." Tenn.Code Ann. § 26–2–301 (1980). That exemption is to "be divided equally among them in the event said homestead exemptions are claimed in the same proceeding." *Id.* The statute continues:

> Provided, further, if only one (1) of said joint owners · of real property used as *their* principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then said individual's homestead exemption shall be five thousand dollars ($5,000).

*Id.* (Emphasis added.)

Literally read, the language would imply that even where only one of the joint owners is involved in the proceeding in which the exemption is claimed, he or she would be entitled to the exemption only if the remaining joint owners also use the property as their principal place or residence. There are, however, limits to the literalism with which a statute may be read. In endeavoring to divine the legislative intent, the court must be guided by the leading idea or purpose of the whole statute. The court must construe the statute as a whole and must ascertain the import and significance of a particular word or phrase from the context, the subject matter, and the purpose or intention of the enacting body. 2A D. Sands, *Sutherland Statutory Construction* § 46.05 (4th ed. 1973).

> So much of authority and power to defeat the statute's intended operation cannot be given to mere verbalism, more especially to one word, torn in context, function and purpose from the remainder of the Act.

*Addison v. Holly Hill Fruit Products,* 322 U.S. 607, 637, 64 S.Ct. 1215, 1230, 88 L.Ed. 1488 (1944) (Rutledge, J., dissenting).

Such a restrictive reading would defeat what this court perceives to be the manifest intention of the amended statute considered in its entirety—i.e., to afford to an individual a $5,000.00 exemption in his interest in real estate used as his principal place of residence or, alternatively, to afford the individual his proportionate share of a $7,500.00 exemption where both he and a co-owner (or co-owners) use the real estate as their principal place of residence and assert the exemption in a single proceeding. The logical and relevant inquiry is thus only whether the individual or individuals actually claiming the exemption utilize the property as their principal place of residence.

Finally, it is the general rule that the debtor's exemptions are determined as of the date of the filing of the bankruptcy petition. *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *In re Friedman,* CCH ¶ 69, 812 (Bankr.E.D.Penn.1984); *In re Hall,* 31 B.R. 42 (Bankr.E.D.Tenn.1983). Thus, the debtor's right to her homestead exemption is unaffected by her having ceased to live in the house approximately three months after filing her petition.

The debtor is entitled to a $5,000.00 homestead exemption in her undivided interest in the Clinchfield Avenue property held as tenant in common with her daughter.

IT IS SO ORDERED.