In re Thomas C. **HELM**, Debtor.

Thomas C. **HELM**, Plaintiff,

v.

Kay Hampton **HELM**, Defendant.

Bankruptcy No. 38300867.
Adv. No. 3840064.

United States Bankruptcy Court,
W.D. Kentucky.

April 15, 1985.

Walter J. Swyers, Jr., Louisville, Ky., for plaintiff.

Kevin P. Keeler, Louisville, Ky., for defendant.

Glenn Schilling, Trustee, Louisville, Ky.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The issue addressed by this opinion is whether 28 U.S.C. § 1293,[1] which allows a final judgment, order, or decree of a Bankruptcy Court to be directly appealed to a Federal Court of Appeals, was repealed by the Bankruptcy Amendments and Federal Judgeship Act of 1984 [hereinafter referred to as the 1984 Amendments Act]. The question comes before us as part of the bitterly contested dischargeability case of *Helm v. Helm*, decided today in a companion opinion. For the reasons stated below, we hold that 28 U.S.C. § 1293 was repealed by the 1984 Amendments Act, and that final orders of Bankruptcy Courts can no longer be directly appealed by agreement of the parties to Federal Courts of Appeals.

This case is one of first impression, and our principal difficulty stems from two contemporaneous statutory amendments which cannot be reconciled.

Sections 113 and 121(a) of the 1984 Amendments Act both operate to amend section 402(b), of Title IV of the Bankruptcy Reform Act of 1978 [hereinafter referred to as the 1978 Act]. Section 402(b)[2] of the 1978 Act dealt with the effective date of certain amendments to Title 28 of the United States Code, including 28 U.S.C. § 1293, the statute under review in this opinion.

Section 113, effective June 27, 1984,[3] amended section 402(b) to read as follows:

(b) Except as provided in subsections (c) and (d) of this section, the amendments [to 28 U.S.C.] made by title II of this act *shall not be effective*. (Emphasis added)

However, section 121(a), effective as of the date of the enactment of the 1984 Amendments Act,[4] amended section 402(b) to read:

(b) Except as provided in subsections (c) and (d) of this section, the amendments [to 28 U.S.C.] made by title II of this act shall take effect on the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984.

Even a cursory literal reading of these two provisions leads to the conclusion that Congress could not have intended to enact both of them. Therefore it falls our task to divine which of the two sections Congress actually intended to pass.[5] We will attempt to discern the intent of Congress

---

1. Although not directly at issue in this case, our analysis of the validity of 28 U.S.C. § 1293 applies with equal force to all other sections of 28 U.S.C. which were given effect by Section 402(b) of Title IV of the Bankruptcy Reform Act of 1978. *See Generally* COLLIER'S SPECIAL SUPPLEMENT. THE BANKRUPTCY REFORM ACT OF 1978, AS AMENDED BY, THE BANKRUPTCY AMENDMENTS AND FEDERAL JUDGESHIP ACT OF 1984 227–86 (1984). [hereinafter cited as COLLIER'S SUPPLEMENT]

2. Prior to the enactment of the 1984 Amendments Act, Section 402(b) of Title IV of the Bankruptcy Reform Act of 1978, *as amended,* read as follows:

"(b) Except as provided in subsection (c) and (d) of this section, the amendments made by Title II of this act shall take effect on June 28, 1984."

This provision originally read:

(b) Except as provided in subsection (c) and (d) of this section, the amendments made by Title II of this act shall take effect on April 1, 1984.

3. Section 122(c) of Title I of Pub.L. No. 98–353 [H.R. 5174] the Bankruptcy Amendments and Federal Judgeship Act of 1984. [Hereinafter cited as 1984 Amendments Act].

4. Section 121(a) of Title I of the 1984 Amendments Act. *See also* Section 122(a) of Title I of the 1984 Amendments Act.

5. On October 19, 1984 H.R. 6216, Pub.L. 98–531, which makes technical amendments to the 1984 Amendments Act, was signed into law. The act did not address the confusion caused by Sections 113 and 121(a) of the 1984 Amendments Act.

through the use of traditional common law principles of statutory construction.[6]

The primary purpose of statutory construction is to discover the true meaning of a law.[7] This is accomplished by a court reviewing a statute in order to determine the intent of the legislature. A court must construe a statute or enactment as a whole to ascertain the meaning of a particular word or phrase.[8] The starting point in every case involving judicial construction is the language of the statute itself.[9]

28 U.S.C. § 1293, the provision presently under review, states that: ·

6. *See National Railroad Passenger Corporation v. National Association of Railroad Passengers,* 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974).

It is a basic principle of statutory construction that when a statute is not clear on its face, resort must be had to its legislative history so that the statute may be construed in conformity with the drafter's intent. *Muniz v. Hoffman,* 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975). However, in this case the scant legislative history on the 1984 Amendments Act reveals almost nothing about the drafter's intent in this area.

The entire legislative history on Section 113 of the 1984 Amendments Act is found at § 6085 of the daily edition of the Congressional Record for May 21, 1984 and reads:

"Sections 113 and 114. Certain transitional provisions of the Bankruptcy Reform Act of 1978 are repealed."

The legislative history pertaining to Section 121(a) of the 1984 Amendments Act is even skimpier. The only passage even discussing Section 121(a) refers to an early version of that section which was passed in relation to the extension of the bankruptcy laws on June 19, 1984. That passage reads in pertinent part: CONTINUATION OF TRANSITION PROVISIONS OF THE BANKRUPTCY ACT

Mr. THURMOND. Mr. President, we are now ready to proceed with the extension of the bankruptcy bill until, I believe, June 27.

Mr. BAKER. Mr. President, is that bill at the desk?

The PRESIDING OFFICER. The bill is at the desk. The clerk will state the bill. The assistant legislative clerk read as follows:

A bill (S.2776) to continue the transition provisions of the Bankruptcy Act until June 27, 1984, and for other purposes.

Mr. BAKER. Mr. President, this is a simple extension. Unless there is a request, I yield back the remainder of the time on this side.

Mr. HEFLIN. I yield back the remainder of the time on this side.

The PRESIDING OFFICER. All time has been yielded back.

This bill was considered, read the third time, and passed as follows:

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled.* That (a) section 402 of the Act entitled an Act to establish a uniform law on the subject of Bankruptcies" (Public Law 95–598) is amended in subsec-

tions (b) and (e) by striking out "June 21, 1984" each place it appears and inserting in lieu thereof "June 28, 1984."

\* \* \* \* \* \*

Mr. BAKER. I move to reconsider the vote by which the bill was passed.

Mr. THURMOND. I move to lay that motion on the table.

The motion to lay on the table was agreed to.

Mr. BAKER. Mr. President, I thank all Senators for their careful consideration of this matter over an extended period of time. There are a number of people and I shall not take the time to identify all of them. All of them negotiated in good faith and I thank them for this good result.

129 Cong.Rec. S.7625 (daily ed., June 19, 1984). Although these two pieces of legislative history seem to indicate, in a general way, that Congress intended to repeal the transition provisions of the 1978 Bankruptcy Act and that Section 121(a) was only intended to extend these provisions until the passage of the 1984 Amendments Act, we are unable to base our decision on this history due to its brevity and lack of clarity. "Legislative intent may be ascertained... from available legislative materials which *clearly reveal* this intent." *In re Arnett,* 731 F.2d 358, 361 (6th Cir.1984). [Emphasis added].

7. *Utah Junk Co. v. Porter,* 328 U.S. 39, 66 S.Ct. 889, 90 L.Ed. 1071 (1946): *In re Ray,* 26 B.R. 534, 541 (Bkrtcy.D.Kan.1983).

8. *Philbrook v. Glodgett,* 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975); *In re Arnett,* 731 F.2d at 358; *In re Young,* 42 B.R. 892 (Bkrtcy.E.D.Tenn.1984).

9. *The Greyhound Corporation v. Mt. Hood Stages, Inc.,* 437 U.S. 322, 330, 98 S.Ct. 2370, 2375, 57 L.Ed.2d 239 (1978). There is no more reliable an indication of legislative intent than the specific statutory words selected by Congress in delineating the powers conferred. *Ray Baille Trash Hauling, Inc. v. Kleppe,* 477 F.2d 696, 707 (5th Cir.), *cert. denied,* 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 468 (1973). It is a maximum of statutory construction that, in interpreting the language of a statute, it is relevant to consider the language of related statutes. *United States v. American Building Maintenance Indus.,* 422 U.S. 271, 277, 95 S.Ct. 2150, 45 L.Ed.2d 177 (1975).

(a) The courts of appeals shall have jurisdiction of appeals from all final decisions of panels designated under section 160(a) of this title.

(b) Notwithstanding section 1482 of this title, a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of an appellate panel created under section 160 or a district court of the United States, or from a final judgment, order, *or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.* (Emphasis added)

█ The two sections referred to by section 1293, § 160(a) and § 1482 of title 28 of the United States Code, were repealed by the enactment of 28 U.S.C. § 158 of the 1984 Amendments Act.[10] If Congress had intended § 1293 to remain effective, it is apparent that they would have amended the reference to the two now-repealed sections. It is a well-established rule that a court should not assume that Congress made an error in its drafting of a statute absent clear evidence of such an error.[11]

A further indication of congressional intent can be found in the language of newly-enacted 28 U.S.C. § 158. This section provides that:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. *An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.*

(b)(1) The judicial council of a circuit may establish a bankruptcy appellate panel comprised of bankruptcy judges from districts within the circuit, to hear and determine, upon the consent of all the parties, appeals under subsection (a) of this section.

(2) No appeal may be referred to a panel under this subsection unless the district judges for the district, by majority vote, authorize such referral of appeals originating within the district.

(3) A panel established under this section shall consist of three bankruptcy judges, provided a bankruptcy judge may not hear an appeal originating within a district for which the judge is appointed or designated under section 152 of this title.

(c) An appeal under subsection (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

---

**10.** Sections 160 and 1482 of Title 28 of the United States Code deal with the creation and jurisdiction of Bankruptcy Appellate Panels under the provisions of the 1978 Bankruptcy Reform Act. These matters are now governed by the provisions of 28 U.S.C. § 158(b) of the 1984 Amendments Act. Where a subsequently enacted statute conflicts with a prior act, the latter overrides the former to the extent necessary to allow for the operation of the latter. *Silver v. New York Stock Exchange,* 373 U.S. 341, 357, 83 S.Ct. 1246, 1257, 10 L.Ed.2d 389 (1963); *In re Tapp,* 16 B.R. 315 (Bkrtcy.D.Alaska 1981). Although this doctrine of repeal by implication is generally not favored, it will be applied where there is sufficient evidence of Congressional intent in enacting the latter statute. *United States v. Yuginovich,* 256 U.S. 450, 41 S.Ct. 551, 65 L.Ed. 1043 (1921) *See also* COLLIER'S SUPPLEMENT, supra note 1, at 251.

Due to our ruling today, it is unnecessary to consider whether 28 U.S.C. § 1293 was repealed by implication, due to the enactment of 28 U.S.C. § 158.

**11.** *United States v. Goldenberg,* 168 U.S. 95, 18 S.Ct. 3, 42 L.Ed. 394 (1897); *United States v. Jones,* 542 F.2d 661 (6th Cir.1976); *In re Freeman,* 5 B.R. 24, 26 (Bkrtcy.D.Minn.1980). However it is equally clear that a court must construe a statute in order to avoid absurd or wholly impractical consequences. *U.S. v. Missouri, Pac. R. Co.,* 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322 (1929).

(d) *The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders and decrees entered under subsections (a) and (b) of this section.* (Emphasis added).

It is clear from the wording of this section that it is intended to be a comprehensive provision governing all aspects of bankruptcy appellate jurisdiction. Section 158 does not provide for a direct appeal of a final order, judgement or decree of a bankruptcy court, to a federal court of appeals. In that respect it is in conflict with 28 U.S.C. § 1293, which allows such appeals.[12]

In order for this court to hold that parties can, by agreement, still appeal final determinations of a bankruptcy court directly to the appropriate court of appeals, we would have to find that Congress chose to allow one phrase of an otherwise useless provision to remain in effect instead of merely adding that phrase to the newly enacted, and otherwise comprehensive, statute on bankruptcy appeals, 28 U.S.C. § 158. We are unwilling to make a finding which so strains all notions of logic and reason.

▆▆▆ Therefore, we hold that Congress intended to repeal 28 U.S.C. § 1293 [13] with the passage of the 1984 amendments act.

We further hold that Section 121(a) of that act was passed into law only through error and inadvertence on the part of Congress.[13a] We fully recognize the implications of this ruling, and make it with the knowledge that as a general rule a court should only rarely "correct" a statute, when such an action will effect a fundamental part of that statute.[14] However, in this case we are faced with an exceedingly rare situation. Two fundamental provisions of the 1984 amendments act are so totally irreconcilable and diametrically opposed that it is self-evident that one of the two sections must have mistakenly become law. It is a canon of American jurisprudence that the result of an obvious mistake should not be enforced, particularly when it "overrides common sense and evident statutory purpose."[15]

Accordingly, we hold that section 121(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 is of no force or effect with respect to Section 402(b) of Title IV of the Bankruptcy Reform Act of 1978. We further hold that Section 113 of the 1984 Amendments Act properly amended Section 402(b) of the 1978 Bankruptcy Reform Act and repealed 28 U.S.C. § 1293 and all other sections of 28 U.S.C. which had been made effective under the provi-

**12.** It is an ancient maxim of statutory construction that *"expressio unius est exclusio alterius"* which means that where a statute provides for a remedy or for a thing to be done in a particular way then it negates all other similar remedies or alternative ways that the same thing might be done. *National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. at 453, 94 S.Ct. at 690; *Rogers v. Frito-Lay, Inc.,* 611 F.2d 1074, 1085 (5th Cir.1980); *In re Davis,* 22 B.R. 644, 649 (Bkrtcy.M.D.Ga.1982).

**13.** As well as all other sections of 28 U.S.C. which were made effective under the terms of Section 402(b) of Title IV of the Bankruptcy Reform Act of 1978.

**13a.** Support for our holding came to hand as this opinion was in final draft form. Although they are not legislative history, the statements of Sen. Robert Dole in Volume III, No. 3 of the American Bankruptcy Institute Newsletter, lend credibility to our conclusion:

ABI: Section 113 and 121(a) are exact opposites. What happened?

Dole: We goofed. The first section you mentioned states that Title II of the 1978 Reform Act will not take effect while the latter section makes it effective on the date of enactment of [the 1984 Amendments Act.] Taken in the context of what we were doing, it is obvious that Section 113 is the correct provision and that the language found in 121(a) is totally in opposition to our intention and should be ignored.

**14.** *In re Freeman,* 5 B.R. at 26. Fundamental sections of a law include those dealing with enactment, repeal and effective dates. *Id.*

**15.** *United States v. Brown,* 333 U.S. 18, 26, 68 S.Ct. 376, 380, 92 L.Ed. 442 (1948); *United States v. Babcock,* 530 F.2d 1051, 1053 (D.C.Cir. 1976).

sions of Section 402(b), Title IV of the Bankruptcy Reform Act of 1978.[16]

The joint petition of these parties for direct appeal to the Sixth U.S. Circuit Court of Appeals is therefore OVERRULED. This is a final order.

**16.** See notes 2–4, *Supra* and accompanying text. It has recently been brought to the court's attention that the Bankruptcy Court for the Northern District of Ohio considered the confusion caused by Sections 113 and 121(a) in connection with a question of removal of an action pending in a U.S. District Court to a Bankruptcy Court under 28 U.S.C. § 1478. That court found, as we did that § 121(a) of the 1984 Amendments Act should not be given effect since it "is in conflict with both Section 113 of the 1984 Act and the manifest intent of Congress." *In re Long,* 43 B.R. 692, 697 (Bkrtcy.N.D.Ohio 1984).