**In re Donald Arthur BOLT, Debtor.**

**Lesleen BOLT,
Plaintiff/Counter-Defendant.**

**v.**

**Donald Arthur BOLT,
Defendant/Counter-Plaintiff.**

**Bankruptcy No. 82–01083–BKC–AJC.
Adv. No. 83–0033–BKC–AJC–A.**

United States Bankruptcy Court,
S.D. Florida.

May 31, 1985.

Reggie David Sanger, Fort Lauderdale, Fla., for debtor-defendant/counterplaintiff.

James Zloch, Fort Lauderdale, Fla., for plaintiff-counterdefendant.

A. JAY CRISTOL, Bankruptcy Judge.

## FINDINGS AND CONCLUSIONS OF LAW

This matter was tried on April 29, 1985. The court having examined the case file, received evidence and otherwise being fully advised in the premises, finds and concludes:

This cause is the continuation of the bitter broth that has been brewed by the dissolution of the childless marriage of Dr. and Mrs. Bolt.

The possessions, subject to the dispute, seem somewhat out of place in a bankruptcy court since the evidence deals with a waterfront home in Fort Lauderdale, a valuable apartment building, large quantities of gold coins, many cases of vintage red bordeaux wine, a $25,000 diamond ring, oil well leases and mortgages.

The state court awarded Mrs. Bolt $29,-780.91 in attorneys' fees, including costs, as payment relating to the dissolution proceedings between her and Dr. Bolt.

The court order entered judgment in favor of the wife's attorneys "for representation of the wife in the dissolution proceeding."

The doctor draws this court's attention to a certain agreement of the parties, which if it were enforced, provides that the attorneys' fees at issue here would be paid from substantial sums already transferred to the wife, pursuant to the agreement.

The doctor further submits that the judgment is dischargeable in bankruptcy since the judgment is in favor of Patterson & Maloney, the wife's attorneys, rather than directly payable to the wife.

The court finds that the former wife must prevail. "[A] claim for attorney's fees awarded to the debtor's wife's attorney in a divorce action is nondischargeable pursuant to 11 U.S.C. § 523(a)(5), even though the debt was payable directly to the attorney." *In the Matter of Gwinn, II*, 20 B.R. 233, 6 C.B.C. 2d 1114, 1115 (Bkrtcy. Nev.1982). Also in accord are *In re Spong*, 661 F.2d 6 (2d Cir.1981) and *In re French*, 9 B.R. 464 (Bankr.S.D.Cal.1981).

In this type of case, the court will not elevate form over substance. The state court order, though perhaps inartfully drafted, did identify the expenditure for legal representation of the former wife as the husband's expense in the nature of alimony. Therefore, Mrs. Bolt's claim is a nondischargeable claim against the debtor since this debt is in the nature of alimony or support, pursuant to 11 U.S.C. § 523(a)(5).

The issue of payment, through enforcement of the terms of the agreement, said to exist by the debtor, will not be decided by this court. In passing, the court notes that if the agreement requires the application of assets to payment of the attorneys' fees so that obligation were paid and discharged; yet, in this circumstance, that same sum would be deducted from the payments made for alimony and that deduction would leave an additional $29,780.91 of nondischargeable alimony debt unpaid.

It appears that the proper forum to determine the exact amounts due between the parties should be the circuit court which adjudged the dissolution.

Pursuant to B.R. 9021(a), a Judgment for Plaintiff incorporating these Findings and Conclusions of Law is being entered this date.