In re Allen S. **RADIN**, Debtor.

Bankruptcy No. 85–01024–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Feb. 6, 1986.

William Rogers, Miami, Fla., for debtor.

Harvey Rogers, Miami, Fla., for Isabel Radin.

### ORDER DISAPPROVING OBJECTION TO CLAIM

A. JAY CRISTOL, Bankruptcy Judge.

On January 7, 1986, this cause came on to be heard by this court on debtor's objection (C.P. No. 41) to the claim of Isabel R. Radin, his former wife. At issue are payments due to creditor-spouse stemming from a Final Judgment of Dissolution of Marriage (Exhibit No. 2).

Counsel for the debtor submits that a portion of the claim, based on the aforesaid judgment, is in the nature of a property settlement and, therefore, dischargeable pursuant to 11 U.S.C. § 523. Debtor asserts that *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983) (hereinafter cited as *Calhoun*) and *In re Helm*, 48 B.R. 227, 12 C.B.C.2d 1060 (Bankr.W.D.Ky.1985) (hereinafter cited as *Helm*) are decisions which should persuade this court to disallow a part of Isabel Radin's claim.

On a previous occasion, in construing § 523 of the Bankruptcy Code, this court has said that it "will not elevate form over substance." *In re Bolt*, 52 B.R. 106, 107 (Bankr.S.D.Fla.1985). The extent of review depends upon the case. On its facts, the *Calhoun* decision inquired into the nature of an agreement to assume debt obligations. "It is only those cases, *Calhoun* firmly points out, in which former spouses settle their support differences by private agreement (albeit with state court approval), that bankruptcy courts may later reopen and reexamine." *Helm*, 48 B.R. at 225, 12 C.B.C.2d at 1075.

This court has reviewed the decree dissolving the marriage of Allen and Isabel Radin, which appears from the record to have been a fully litigated proceeding. Therefore, it is unnecessary to second-guess the state court judge as a "super-divorce court." *Helm*, 48 B.R. at 225, 12 C.B.C.2d at 1075.

When dealing with a dissolution of marriage, the divorce court is more concerned with results than nomenclature of remedy. "The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump-sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies ... are part of one overall scheme." *Canakaris v. Canakaris*, 382 So.2d 1197, 1202 (Fla.1980).

The court finds that the state court judgment of dissolution of marriage awarded wife equitable distribution and lump-sum alimony in the amount of $86,000. The court recognizes, in this case, a tension between § 523(a)(5) and § 523(a)(4) of the Code. Money in the nature of a property settlement may, in fact, be held in trust. This court is mindful of its equitable mission as stated in 11 U.S.C. § 105. Therefore, any monies still unreceived by Isabel

Radin are held in trust for her benefit by her ex-husband, the debtor.

 The court further holds that the monies due from debtor to Isabel Radin are not discharged, pursuant to 11 U.S.C. § 523(a)(4), because of debtor's blatant misuse or dissipation of the funds, which he was holding in a fiduciary capacity. This determination remains unchanged even to the portion of the $86,000, which may not clearly be in the nature of alimony or support. To hold otherwise, would make this court of equity approve a breach of fiduciary duty.

Therefore, it is **ORDERED** that debtor's objection to claim is disapproved.