**In re Lester WILKERSON, Jr., Debtor.**

**Bankruptcy No. 82–00869.**

United States Bankruptcy Court,
E. D. Wisconsin.

Sept. 1, 1982.

Jeffrey Reitz, Law Offices of Alvin H. Eisenberg, S.C., Milwaukee, Wis., for debtor.

James Morrison, Asst. U.S. Atty., Milwaukee, Wis., and Jeffrey D. Snow, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM OPINION

D. E. IHLENFELDT, Bankruptcy Judge.

In this ordinary chapter 13 case, a novel question has arisen.[1] It involves the tension between the provisions of the Bankruptcy Code and 26 U.S.C. § 6402, which requires the Internal Revenue Service, upon receiving notice from a State, to turn over so much of a tax refund as is necessary to satisfy the taxpayer's obligation to the State for past-due support. Section 6402 states:

SEC. 6402. AUTHORITY TO MAKE CREDITS OR REFUNDS

---

1. The attorney for the government believes that this is the first case in which this issue has arisen.

(c) *Offset of Past-Due Support Against Overpayments.*—The amount of any overpayment to be refunded to the person making the overpayment *shall* be reduced by the amount of any past-due support . . . owed by that person of which the Secretary has been notified by a State in accordance with section 464 of the Social Security Act. The Secretary shall remit the amount by which the overpayment is so reduced to the State to which such support has been assigned and notify the person making the overpayment that so much of the overpayment as was necessary to satisfy his obligation for past-due support has been paid to the State. This subsection *shall* be applied to an overpayment prior to its being credited to a person's future liability for an internal revenue tax. (Emphasis supplied.)

On March 26, 1982, the debtor filed a chapter 13 petition, his proposed plan providing for 100% payment to his creditors. Among his debts was one to Milwaukee County Family Support Division in the amount of $2500. On March 31, 1982 the attorney for the debtor sent a letter to the Wisconsin Department of Health and Social Services, Bureau of Child Support, and to the Internal Revenue Service advising them of the filing of the chapter 13 case and requesting that any tax refunds due the debtor be sent to him.[2]

By letter, with an action date of April 21, 1982, the Internal Revenue Service notified the debtor and his wife that they had overpaid their income taxes for calendar year 1981 by $2761.98. The letter further stated however:

Under Public Law 97–35, the Internal Revenue Service is required to withhold all or part of your overpayment to satisfy past-due child support or spousal obligations. The amount we kept has been paid to the State of Wisconsin.

In response to a notice received from the State of Wisconsin in September, 1981, the Service had paid the sum of $2509 to the Division of Economic Assistance for the State. The balance of $252.98 was paid to the debtor and his wife.

The debtor has filed a motion asking that the Internal Revenue Service and Milwaukee County be cited for contempt for violating the automatic stay of section 362 of the Bankruptcy Code. The Internal Revenue Service in turn has asked that this court grant a retroactive lifting of the automatic stay to allow the Service to distribute part of the debtor's tax refund to Milwaukee County in payment of the debtor's obligation to the County for past-due support.

The Technical Section of the Internal Revenue Service in Milwaukee is routinely notified of all chapter 13 case filings and at some point was notified of this case. It is the procedure of the Technical Section to then forward this information on to the Kansas City Service Center, where a freeze code is put into the Internal Revenue Service computer, freezing all transactions involving the taxpayer's account in compliance with the automatic stay provisions of the Bankruptcy Code. The Kansas City Service Center is the body that, pursuant to § 6402(c) of the Internal Revenue Code of 1954, holds the refund checks of taxpayers who are delinquent in their child support payments and directs the appropriate payments to the proper county authority. These transactions are also stayed when the Service Center receives notice of the filing of the petition. The entire process of the Service Center receiving the information from the Technical Section and placing a freeze code in the computer takes a certain period of time.

■ In the instant case the freeze code had not yet been put into the computer on April 21, 1982 when the Internal Revenue

Service sent part of the debtor's tax refund to Milwaukee for the payment of past-due child support. Nor had the Internal Revenue Service received knowledge of the chapter 13 case from any independent source. While the attorney for the debtor evidently sent a letter on March 31, 1982 notifying the Internal Revenue Service of the case, for some reason the letter was never received in either the Technical Section or the Service Center (The debtor's attorney is uncertain where he sent the letter).

Thus, while the payment made by the Internal Revenue Service on April 21, 1982 was a technical violation of the automatic stay provisions of Section 362 of the Bankruptcy Code,[3] it was certainly not done willfully or with knowledge of the chapter 13 case. Had the service known of the case, it would have sought a lifting of the stay before making the payment. Accordingly, the debtor's motion for contempt proceedings will be denied.

The more important issue in this case, of much wider import, involves the rights of the debtor in the tax refund vis-a-vis those of Milwaukee County. The debtor had sought the refund because he believed he would need it to meet his family's living expenses during the summer months when he anticipated he would not be working full time. It is his position that the County will be paid in full through the plan, inasmuch as the plan calls for 100% payment to creditors. That is no guaranty however that the County would receive full payment, even though the plan may appear feasible on its face. Many plans fail of completion with or without fault on the part of the debtor. If the debtor used these funds for living expenses as planned and then became unable or unwilling to complete the plan, the County would be left unpaid, and the important congressional policy expressed in § 6402(c) would be totally frustrated.

It is clear that Milwaukee County has an interest in the refund because of § 6402(c)

of the Internal Revenue Code. Although the heading of that section uses the word "offset", the section does not create a setoff as that term has been used in the context of bankruptcy proceedings. Section 553(a) of the Bankruptcy Code preserves the right of a creditor "to offset a *mutual* debt owing by such creditor to the debtor...." (Emphasis added.) This fits the more common situation where the Internal Revenue Service obtains relief from the stay of § 362 in order to set off a tax refund against an outstanding tax obligation of the debtor. Section 6402(c), on the other hand, mandates payment of the debtor's tax refund to a third party, Milwaukee County.

■ The Internal Revenue Service takes the position that Milwaukee County's interest is that of a statutory lien claimant, and this court agrees with that position. Section 101(28) of the Bankruptcy Code defines liens for purposes of that Code as a "charge against or interest in property to secure payment of a debt or performance of an obligation." Section 101(38) in turn defines a statutory lien as a "lien arising solely by force of a statute on specified circumstances of conditions...." By virtue of the provisions of § 6402(c), the notice given to the Secretary of the Treasury by the State of Wisconsin of the debtor's unpaid obligation for past-due support was sufficient to create an interest in or place a charge against the debtor's tax refund. The statute does not require any hearing but simply provides that the money shall be paid directly to the state. In this case, § 6402(c) created a statutory lien on the debtor's tax refund in favor of the State of Wisconsin and Milwaukee County since there was past-due child support owing and the Secretary of the Treasury was properly notified of the debt.

■ The government has asked the court to approve its payment to Milwaukee County by a retroactive lifting of the stay of § 362. The tax refund constitutes "cash collateral" as defined in § 363(a) of the

---

**3.** § 362(a)(6) provides an automatic stay, once a petition in bankruptcy has been filed, prohibiting "any act to collect, assess, or recover a

claim against the debtor that arose before the commencement of the case under this title."

732

Bankruptcy Code and, absent consent, could not be used by the debtor without his providing the county with "adequate protection", as is required by § 363(e) of the Code. Unfortunately, the debtor is not in a position to do this. Accordingly, the government's motion to lift the stay of § 362 will be granted. In view of all the circumstances, the debtor has been permitted to modify his plan through the summer months in order to help him meet his unanticipated reduced circumstances.