In the Matter of John Wayne CONLEY
and Barbara Kay Conley, Debtors.

James R. WARREN Trustee, Plaintiff,

v.

OHIO DEPARTMENT OF WELFARE
BUREAU OF CHILD SUPPORT,
Defendant.

James R. WARREN Trustee, Plaintiff,

v.

DEPARTMENT OF WELFARE CLARK
COUNTY, OHIO, Defendant.

In the Matter of Craig Lamar
MILLER, Debtor.

James R. WARREN Trustee, Plaintiff,

v.

OHIO DEPARTMENT OF WELFARE
BUREAU OF CHILD SUPPORT,
Defendant.

James R. WARREN Trustee, Plaintiff,

v.

DEPARTMENT OF WELFARE CLARK
COUNTY, OHIO, Defendant.

Bankruptcy Nos. 3–84–01084,
3–84–01094.
Adv. Nos. 3–84–0233, 3–84–0203,
3–84–0234 and 3–84–0204.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 15, 1985.

Karen B. Leizman, Asst. Atty. Gen., Columbus, Ohio, Thomas E. Trempe, Asst. Pros. Atty., Clark County Welfare Dept., Springfield, Ohio, for defendant.

James R. Warren, Springfield, Ohio, Trustee.

## DECISION AND ORDER

WILLIAM A. CLARK, Bankruptcy Judge.

## FACTS

Upon request of the parties the above Adversary Proceedings were consolidated and submitted to the court for disposition on the basis of an "Agreed Statement of Facts" and memorandums of law.

The "Agreed Statement of Facts" is as follows:

"1. Adversary case numbers 3–84–0234, 3–84–0204, 3–84–0233, and 3–84–0203 are combined for the purposes of this Agreed Statement of Facts and for submission to this Court for a decision.

2. The following facts are agreed upon and stipulated to by the parties:

a. The spousal and child support federal tax offset program is mandated by 42 U.S.C. § 654(18) and the procedure for the collection of past-due child support from the federal tax refunds is set forth in 42 U.S.C. § 654.

b. The ex-spouses of John Wayne Conley and Craig Lamar Miller, in accordance with Chapter 5107 of the Ohio Revised Code, were entitled to and were receiving aid to dependent children (ADC). According to O.R.C. § 5107.07, the acceptance of ADC constitutes an assignment to the Ohio Department of Human Services (ODHS) of any rights an individual receiving aid has to support from any other person.

c. In cases where Clark County Welfare Department (as well as all other counties in Ohio) was unable to collect past-due support from individuals who were under a court order to pay support and whose ex-spouses had received ADC, Clark County Welfare submitted a certified list of those individual obligors who owed part-due support and their arrearages to ODHS. The Clark County list was received by ODHS on August 12, 1983, and was certified that all cases submitted by the county met the criteria set forth in Exhibit A. Both John Wayne Conley and Craig Lamar Miller's names were submitted as part of a certified list by Clark County to ODHS on August 12, 1983. *See* Exhibits B and C.

d. On September 27, 1983, ODHS forwarded to the federal Office of Child Support Enforcement (OCSE) the certified case information from Clark County described in Stipulation C. The case information on John Wayne Conley and Craig Lamar Miller was included in the certified list forwarded to OCSE.

e. In October, 1983, the OCSE sent all persons with delinquent support obligations whose names appeared on the county listings forwarded by the state, which included the names of John Wayne Conley and Craig Lamar Miller, a pre-offset notice. A sample copy of said notice is attached as Exhibit D.

f. OCSE turned over a list of information to the IRS, detailed in Stipulation C, which had been forwarded to OCSE by the state. ODHS was notified in an OCSE report that OCSE had submitted cases, during the first week of January, to the IRS for offset for the 1984 processing year.

g. As of February, 1984, IRS collected $570.00 from John Wayne Conley's federal tax refund for delinquent support payments. In a collection report of ODHS dated March 20, 1984, OCSE notified ODHS that John Wayne Conley's offset had been executed. On April 3, 1984, ODHS deposited treasury check number 60,751,914 in the amount of $352,439.75. Treasury check number 60,751,914 included $16,467.18 for 28 offsets in Clark County. One of the 28 offsets was John Wayne Conley's offset. On May 23, 1984, ODHS sent a check for $16,467.18 to Clark County Welfare Department. The money sent to the county included $570.00, the result of an offset from John Wayne Conley's federal tax refund.

h. As of April, 1984, IRS collected $1,849.41 from Craig Lamar Miller's federal tax refund for delinquent support payments. In a collection report to ODHS dated May 2, 1984, OCSE notified ODHS that Craig Lamar Miller's offset had been executed. On May 15, 1984, ODHS deposited treasury check number 95,332,161 in the amount of $1,550,245.65. Treasury check number 95,332,161 included $69,893.28 for 125 offsets in Clark County. One of the 125 offsets was Craig Lamar Miller's offset. On June 7, 1984, ODHS sent a check for $69,893.28 to Clark County Welfare Department. The money sent to the county included $1,849.41, the result of an offset from Craig Lamar Miller's federal tax refund.

i. Plaintiff is duly appointed, qualified and acting Trustee in Bankruptcy in both cases # 3–84–01094 filed May 17, 1984 and # 3–84–01084 filed May 17, 1984.

j. Plaintiff has requested the turnover of the amount of the offsets, $570.00 for John Wayne Conley and $1,849.41 for Craig Lamar Miller, from the Clark County Department of Welfare who has refused to do so for the reason set forth in its answer filed herein.

k. On August 6, 1984, in the exercise of his powers as trustee under 11 U.S. Code 547, Plaintiff served notice of his avoiding the pre-petition transfers to the Defendant ODHS, Bureau of Child Support.

l. Should there be additional facts in issue determined by the Court to be necessary for deciding the four matters before it, counsel of the parties will be so apprised and they will confer for the purpose of reaching an agreement on said facts. If an agreement of such facts cannot be reached, the parties shall be permitted to submit affidavits, subject to cross-examination, in lieu of live testimony.

The foregoing agreed statement of facts is executed by the parties hereto this 30th day of October, 1984.

*Due to lack of any documentation or other support, the Trustee cannot agree or stipulate the following paragraphs: 2d, 2e, 2f, 2g (as to first 2 sentences), 2h (as to first 2 sentences). The Trustee maintains these facts are extraneous and not germane to the case at hand which can be decided without regard to agreement on these particular allegations."

On September 6, 1985 at a conference before the court, the trustee represented that he no longer objected to paragraphs 2d, 2e, 2f, 2g and 2h of the Agreed Statement and that he agreed with the contents of those paragraphs.

## CONCLUSIONS OF LAW

The matter before the court involves the so-called "tax intercept" program of 26 U.S.C. § 6402, which authorizes the Internal Revenue Service to "intercept" federal tax refunds of taxpayers and transmit these refunds to a state to the extent of a taxpayer's delinquent child support obligations.[1] The transfers of these funds are intended to reimburse the state for support provided by it to the taxpayer's children through the Aid to Families with Dependent Children Program.

The issue is whether or not the interception of the debtors' tax refunds by the Internal Revenue Service and the subsequent transmittal of those refunds to the State of Ohio resulted in a preferential transfer pursuant to 11 U.S.C. § 547 of the Bankruptcy Code.

A review of the very limited case law concerning this issue has persuaded this court to follow the holding contained in *In re Biddle*, 31 B.R. 449 (Bankr.N.D.Iowa 1983). Because *Biddle* is both well-reasoned and comprehensive in its treatment of the issue before this court, little would be gained by an extensive restatement and interpretation of that case. The following,

---

**1.** § 6402. Authority to make credits or refunds.
(a) General rule.—In the case of any overpayment, the Secretary or his delegate, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsection (c), refund any balance to such person.
(b) Credits against estimated tax.—The Secretary is authorized to prescribe regulations providing for the crediting against the estimated income tax for any taxable year of the amount determined by the taxpayer or the Secretary to be an overpayment of the income tax for a preceding taxable year.
(c) Offset of past-due support against overpayments.—The amount of any overpayment to

be refunded to the person making the overpayment shall be reduced by the amount of any past-due support (as defined in section 464(c) of the Social Security Act) owed by that person of which the Secretary has been notified by a State in accordance with section 464 of the Social Security Act. The Secretary shall remit the amount by which the overpayment is so reduced to the State to which such support has been assigned and notify the person making the overpayment that so much of the overpayment as was necessary to satisfy his obligation for past-due support has been paid to the State. This subsection shall be applied to an overpayment prior to its being credited to a person's future liability for an internal revenue tax. 26 U.S.C. § 6402

then, is merely a selective summary of the rationale set forth in *Biddle* and the parties are referred to that case for a more complete explanation of the reasoning underlying the conclusions of this court.

■ In accordance with *Biddle*, this court finds that there was an involuntary transfer of a *lien interest* in the debtors' income tax overpayments to the State of Ohio on the first day following the end of the debtors' 1983 tax year, i.e. January 1, 1984.

The federal procedure for diverting tax refunds to the states is an "elaborate collection device," whereby a state is essentially levying on a taxpayer's tax overpayments. The diversion of the tax overpayments by the Internal Revenue Service is completely controlled by statute and neither the Secretary of Health and Human Services nor the Secretary of Treasury has any statutory discretion in remitting the funds to the states. Therefore, the intercept procedure grants to a state a charge against or interest in the taxpayer's refunds. As a result a state obtains a lien against the tax overpayments within the meaning of 11 U.S.C. § 101(28) and this lien attaches on the first day following the close of the debtors' tax year. On that date a taxpayer becomes both liable for and entitled to make a claim for a refund. The debtor also acquired rights on January 1, 1984 in the property pursuant to 11 U.S.C. § 547(e)(2), and thereby the debtors' tax overpayments became subject to be transferred to the State.

Each of the debtors filed in bankruptcy on May 17, 1984.

Because the State acquired its lien interest in the tax refunds of the debtors outside the 90-day preference period of 11 U.S.C. § 547(b)(4)(A), no preferential transfer occurred, despite the fact that physical transfer of the funds occurred within the 90-day period.

The court in *Biddle* also advanced another reason for not permitting the avoidance of the transfer of refunds to the state. This Court holds that the State's lien interest is statutory in nature within the meaning of 11 U.S.C. § 101(38). The

State's interest in the Debtor's property arises solely by operation of the federal statute.... 26 U.S.C. § 6402(c) does not require any court process or involvement of court personnel for the State to establish its interest in the Debtors' property. The State need only meet the procedural requirements outlined by the statute and then file its request with the IRS on time to establish its lien. *Id.* at 457.

*See, also, In re Wilkerson,* 22 B.R. 728, 9 B.C.D. 721 (Bankr.E.D.Wisc.1982) and *Small v. Hennepin County,* 18 B.R. 318 (Bankr.Minn.1982).

■ Because the lien of the state is statutory in nature, the date of transfer, so long as it is pre-petition, is not relevant. Pursuant to 11 U.S.C. § 547(c)(6) the trustee may not avoid the fixing of a statutory lien.

For the foregoing reasons it is found that the trustee may not avoid the transfer to the Ohio Department of Welfare Bureau of Child Support and the Department of Welfare, Clark County, Ohio and it is therefore ORDERED, ADJUDGED, AND DECREED that judgment be granted in favor of the defendants.