**In re Gerald R. SALAWAY, d/b/a Salaway Insurance Agency, Debtor.**

**Bankruptcy No. 90–80171.**

United States Bankruptcy Court,
C.D. Illinois.

April 12, 1991.

Christopher Kanthak, Monmouth, Ill., for debtor.

Charles E. Covey, Peoria, Ill., trustee.

Jane Pratt, Monmouth, Ill., Michael A. Fleming, Peoria, Ill., for Margery Salaway.

OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

On January 8, 1988, the Debtor sold his property and casualty insurance business to the R.A. Reynolds Agency, Inc. (REYNOLDS) for $36,600.00. On or before January 29, 1988, $20,000.00 was paid and an additional principal payment of $8,500.00 plus $1,575.00 for interest was paid on January 10, 1989. The final principal payment

---

of $9,100.00 and $819.00 for interest was due on January 10, 1990, but before that payment was made the Debtor filed his Chapter 7 petition.

On March 28, 1988, shortly after the Debtor sold his business, he obtained a state court judgment of dissolution of marriage from his wife, Margery B. Salaway (MARGERY). The Marital Settlement Agreement specifically awarded the Debtor the proceeds from the sale of his insurance business. The Marital Settlement Agreement in two separate provisions also required the Debtor to pay $240.00 per month in child support and to pay $5,000.00 per year in education expenses for an unemancipated child who maintained a "C" average. Both provisions contain the following language:

> All of the payment obligations of this paragraph, to the fullest extent allowed by law, shall be an obligation of, claim against and a lien on the assets of the estate of husband if husband does not survive until all payment obligations provided in the paragraph are paid in full.

The Debtor fell delinquent in his child support obligations and MARGERY filed a petition in state court to enforce the judgment of dissolution. An order was entered on the petition specifically finding that the Debtor owed $5,000.00 for educational expenses and $2,640.00 in back child support. This order further required the immediate entry of an order of withholding and the immediate service of the order of withholding upon any payor of income to the Debtor. An order for withholding was, in fact, entered on December 15, 1989, which required the payment of $7,640.00. This order for withholding was served upon REYNOLDS on January 5, 1990. However, at the same time, another creditor was also attempting to attach the $9,919.00 owed by REYNOLDS to the Debtor and the parties agreed that the money would be paid to the Circuit Clerk of Warren County. Before this was done, the Debtor filed bankruptcy and the money was paid to the Chapter 7 Trustee.

On October 22, 1990, MARGERY filed a secured proof of claim for $7,640.00 and claimed a lien on the $9,919.00 received by the Trustee. The Trustee objected to the proof of claim, maintaining that MARGERY was merely an unsecured creditor.

MARGERY relies on the following three theories to support her contention she has a lien on the money being held by the Trustee:

1. The judgment of marriage dissolution created a lien.

2. The state court order of withholding created a lien.

3. She holds a security interest perfected pursuant to Section 9–304 of the Uniform Commercial Code, Ill.Rev.Stat.1989, ch. 26, para. 9–304.

The Trustee's position in response is:

1. The judgment of marriage dissolution did not create a lien, as a lien is created only if the Debtor did not survive, and he survived.

2. The state statute authorizing the issuance of an order of withholding does not provide for the creation of a lien, and that MARGERY failed to create a lien by recording a copy of the judgment of marriage dissolution, filing a garnishment, or filing a citation to discover assets.

3. The Trustee has not responded to MARGERY's third contention that she holds a perfected security interest, as that theory was raised after the hearing on the objection and after the Trustee had filed his post hearing brief.

The Trustee also takes the position that if MARGERY does have a lien on the money which he holds that the creation of the lien constitutes a preference.

■ Ill.Rev.Stat.1989, ch. 40, para. 706.1, sets forth a procedure for the withholding of income to secure support payments. Under the definitions found in that section, the "obligor" is the person obligated to make the support payments, in this case, the Debtor. The "obligee" is the person entitled to receive the support payments, or MARGERY, and the "payor" is the third party who owes money to the obligor, or REYNOLDS. In summary, as applicable to this case, that section provides that upon

entry of an order of support, a separate order for withholding will also be entered. Although entered and served on the payor, it is not effective until the obligor defaults and the obligee takes certain steps to cause the order for withholding to become effective. Once the order is effective, the payor is obligated to pay over to the obligee the amount of funds necessary to satisfy the support obligation owed by the obligor. That section then goes on to provide:

> Withholding of income under this Section shall be made without regard to any prior or subsequent garnishments, attachments, wage assignments, or any other claims of creditors.

█ In this case, it is not disputed that MARGERY took all of the steps required by Section 706.1. What is disputed is the legal effect of having taken those steps. In this Court's view, once she took those steps, as to the Trustee, she had a lien on and a right to $7,640.00 of the $9,919.00 being held by the Trustee. It is clear that Section 706.1 requires that REYNOLDS pay that amount to MARGERY and not to the Debtor. It is further clear that the statute requires that the payment be made even though there might have been a prior or subsequent garnishment, attachment, wage assignment, or any other claims of creditors to the funds. In Illinois a money judgment does not create a lien and additional steps such as recording of the judgment, or the filing of a garnishment, or a citation, is necessary for creating a lien arising out of a money judgment. However, where child support obligations are involved the legislature of the State of Illinois, in response to the federally enacted child support amendments of 1984 to the Social Security Act, provided an alternate procedure for the holder of an order for child support to enforce that order through a separate order for withholding which has priority over other existing or potential claimants. *People v. Sheppard,* 124 Ill.2d 265, 124 Ill.Dec. 561, 529 N.E.2d 542 (1988). Conceptually the granting of lien status is nothing more than the giving of one creditor priority over another creditor. That is exactly what Section 706.1 does. The Trustee's position that a lien could be cre-ated only through a garnishment, etc. is inconsistent with the provisions of Section 706.1 giving a withholding order priority over those other procedures for enforcing money judgments.

The Trustee's position is also contrary to decisions holding that the federal tax intercept program, which is comparable to the procedure provided for by Section 706.1, does create a lien. *See Matter of Conley,* 54 B.R. 363 (Bkrtcy S.D.Ohio 1985); *In re Biddle,* 31 B.R. 449 (Bkrtcy.N.D.Ia.1983); *In re Wilkerson,* 22 B.R. 728 (Bkrtcy.E.D. Wi.1982).

As Section 706.1 in effect does create a lien, the Trustee is not entitled to the funds claimed by MARGERY, unless he can avoid the transaction by exercising his avoiding powers. But he has only raised that possibility by way of argument and has not pled an action for preference. Whether he can avoid the transaction as a preference must await the filing of a preference action.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in the Opinion entered this day;

IT IS, THEREFORE, ORDERED:

1. That the Trustee's objection to the claim of Margery B. Salaway is DENIED.

2. That the Trustee shall pay over to Margery B. Salaway the sum of $7,640.00 from the $9,919.00 which he received from the R.A. Reynolds Agency, Inc.